IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY J. MCCARROLL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 03-0126-CG-C |
| | ) |
| AETNA U.S. HEALTHCARE, | ) |
| | ) |
|     Defendant. | |

## ORDER

This cause is before the court on plaintiff's motion for the court to entertain an independent action pursuant to Rule 60(b). (Doc. 73). For the reasons explained below, the court finds that plaintiff's motion is due to be **DENIED**.

Judgment in this case was entered on July 8, 2004. (Doc. 56). The court previously denied as untimely a motion by plaintiff for relief from judgment pursuant to Rule 60(b). (Doc. 72). Motions for relief from judgment must be brought within a year after judgment if based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);" and/or "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." However, Rule 60(b) allows a court to entertain an independent action under certain circumstances regardless of the limitations of the rule. Rule 60(b) specifies the following:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court.

FED. R. CIV. P. § 60(b).

Plaintiff's motion and brief do not assert either of the specified reasons in Rule 60(b) for

which an independent action may be entertained. Notification under 28 U.S.C. § 1655 is not applicable to this case and plaintiff has not alleged fraud upon the court. Plaintiff's motion alleges that the action "was not properly pleaded causing undo prejudice in this matter..." However, it is unclear to what pleading plaintiff is referring or how it was improperly pled. Plaintiff's brief simply reargues his claim and asserts that the court erred in its decision to grant judgment in favor of defendant. Such assertions could fall under prong (1) of Rule 60(b) which must be filed within one year from the date of judgment.[1] Independent actions should not be permitted simply to allow plaintiff another bite at the apple by permitting plaintiff to reargue his case. "[A]n independent action should be available only to prevent a grave miscarriage of justice." U.S. v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32 (1998). The court finds that plaintiff has not shown that the circumstances here present a grave miscarriage of justice.

## CONCLUSION

For the reasons stated above, plaintiff's motion for independent action (Doc. 73) is **DENIED**.

**DONE and ORDERED** this 10th day of July, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Rule 60(b)(1) can be used "to permit the district court to reconsider and correct its own errors, particularly if they are of an obvious nature amounting to little more than clerical errors." Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977). "[S]ome courts have applied 60(b)(1) to theories of mistake of law when the motion was filed before the time to file a notice of appeal had expired." Wendy's Intern., Inc. v. Nu-Cape Const., Inc., 169 F.R.D. 680, 687 (M.D. Fla. 1996) (citing Morris v. Adams-Millis Corp., 758 F.2d 1352, 1358 (10th Cir. 1985)).